No. 21,564.

THE STATE OF KANSAS, *Appellee,* v. L. O. HEITMAN, *Appellant.*

SYLLABUS BY THE COURT.

1. ARSON—*Expression Used by Defendant—Inferences for Jury.*  No error is committed in refusing to allow a witness to testify as to what he understood a person to mean by an expression he had used, when the situation is such that all the data from which an inference on the subject might be drawn could readily be made available to the jury.

2. SAME—*Trial—Instructions—Burden of Proof.*  In a criminal case the jury were told that they should acquit the defendant unless they found from the evidence beyond a reasonable doubt all the facts (which were enumerated) necessary to constitute the offense; that no presumption of guilt existed on account of the defendant being charged with crime, but that every presumption of law was in favor of his innocence; and that with respect to an alibi it did not devolve upon him to prove that defense, but that an acquittal must follow if the jury had a reasonable doubt whether he was personally present at the time of the alleged offense. *Held,* that at least in the absence of a specific request, it was not error to omit to instruct, in so many words, that the burden of proof was on the state, that the' burden never shifted, and that the defendant was presumed to be innocent until the contrary was proved.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 9, 1918. Affirmed.

*Ed Rooney, Otis. E. Hungate,* and *Paul H. Heinz,* all of Topeka, for the appellant.

*S. M. Brewster,* attorney-general, and *Robert D. Garver,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: L. O. Heitman appeals from a conviction upon a charge of arson. The property burned was a frame building occupied by him as a grocery store and meat market. The fire was obviously incendiary, and the theory of the state is

that the defendant set it for the purpose of collecting the insurance. Only two rulings are challenged—the sustaining of objections to questions asked of a witness, and the omission to include certain instructions in the charge.

1. A witness for the state testified that he saw the fire while he was about a block and a half away, at two o'clock in the morning; that he ran to the store and there met a man who told him he was Heitman, and who appears to have been identified as the defendant by another witness; that he said to this man, "We turned in the alarm as quick as we saw it," and the man merely said, "The son of a bitch." The defendant on cross-examination, in effect, asked to whom the witness understood him to refer, the purpose being to show that the epithet was applied to the person who had set the fire, rather than to the one who had turned in the alarm. Objections to questions of this character were sustained, the court adding that the witness could tell what the speaker said and how he looked and everything of that kind. We see no error in the ruling. There was no occasion for the witness giving his opinion as to what the speaker meant. The facts bearing on that matter were not so complicated or obscure as to make it at all difficult for him to give the jury the benefit of all the information he had on the subject, without stating the judgment he had formed about it. He was not offered as an expert, and the case falls within the rule which has been well stated in these words:

"Such a witness' inferences are inadmissible when the jury can be put into a position of equal vantage for drawing them,—in other words, when *by the mere words and gestures of the witness the data he has observed can be so reproduced that the jurors have those data as fully and exactly as the witness had them at the time he formed his opinion.*" (3 Wigmore on Evidence, § 1924.)

If the evidence had been admissible, error in its rejection would not be now available, for no showing was made as to what the answer of the witness would have been if the objections to the questions had been overruled. (*The State v. Wellman,* ante, p. 503, 170 Pac. 1052.)

2. The defendant alleges that the court omitted to instruct the jury that the burden of proof was upon the state, and not upon the defendant, that the burden of proof never shifted,

and that the defendant was presumed to be innocent until the contrary was proved. The instructions did not make use of this exact language, but the jury were told that they should acquit the defendant unless they found from the evidence beyond a reasonable doubt all the facts (which were enumerated) necessary to constitute the offense; that no presumption of guilt existed on account of the defendant being charged with crime, but that every presumption of law was in favor of his innocence; and that with respect to an alibi it did not devolve upon the defendant to prove that defense by a preponderance of the evidence or beyond a reasonable doubt, but that an acquittal must follow if the jury had a reasonable doubt whether he was personally present at the time of the alleged offense. The charge therefore showed explicitly that the burden of proof was on the state, that it did not shift, and that the defendant was presumed to be innocent until the contrary was proved. It is not apparent what advantage there could have been in a restatement of these rules according to a particular formula, if a request to that effect had been made. And in the absence of such a request it is clear that no error was committed in this regard.

The judgment is affirmed.